IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00515-BNB

MAZEN J. KHERDEEN,

    Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF DEPARTMENT - OFFICE,
SHERIFF J. GRAYSON ROBINSON, Individually and Under the Color of The Law,
COMMANDER CAPTAIN BRICE MOOMAW, Individually and Under the Color of The Law,
SGT. L. ROSS, #9662, Individually and Under the Color of The Law,
SGT. SEMMELBECK, #9635, Individually and Under the Color of The Law,
DEPUTY SEXTON, #CH0012, Individually and Under the Color of The Law,
DEPUTY LENON, #03072, Individually and Under the Color of The Law,
DEPUTY ROBINSON, Individually and Under the Color of The Law,
DEPUTY SPAIN, #03092, Individually and Under the Color of The Law,
DEPUTY R. BRASH, #03062, Individually and Under the Color of The Law,
ARAPAHOE COUNTY SHERIFF'S OFFICE / COURT SERVICES DEPUTY, #9851, Individually and Under the Color of The Law,
CAPTAIN BAY, Individually and Under the Color of The Law,
LEUTANANT [sic] MARES, Individually and Under the Color of The Law,
DENVER COUNTY SHERIFF, Individually and Under the Color of The Law,
DENVER SHERIFF'S SGT. ROBERTS, Individually and Under the Color of The Law,
DENVER SHERIFF'S SGT. ESPONOZA, Individually and Under the Color of The Law,
DENVER MAYOR JOHN HECKENLOOPER [sic], Individually and Under the Color of The Law,
DENVER GENERAL HOSPITAL aka DENVER HEALTH ("DH"),
DR. NANCY DEBOREY, Individually and as a Medical Doctor at Denver Health,
DR. JENNIFFER ADAMS,
NURSE CHIP EDWARDS, Individually and as a Medical Nurse at Denver Health,
CORRECTIONAL HEALTH CARE MANAGEMENT ("CHCM"),
ROBERT LAUDERDALE, Individually and as Chief Executive of CMCH,
DR. SINGH, Individually as an Employee of CHCM and or Arapahoe County Detention ("ACDF"),
DR. FURR, Individually as an Employee of CHCM and or ACDF,
NURSE HEIDI, Individually as an Employee of CHCM and or ACDF,
DR. MOSER, Individually as an Employee of CHCM and or ACDF,
NURSE PAULA, Individually as an Employee of CHCM and or ACDF,
ARAPAHOE COUNTY DETENION [sic] FACILITY/ MEDICAL HEALTH AUTHORITY,
ARAPAHOE COUNTY DETENTION FACILITY ("ACDF"),

FILED
UNITED STATES DISTRICT COURT

JUL 2 0 2006

GREGORY C. LANGHAM
CLERK

ARAPAHOE COUNTY LAW LIBRARY,
SHEILA CLARK, Individually and as a Librarian of the Arapahoe County Law Library,
ARAMARK FOOD SERVICE ("Aramark"),
EDIE KILMORE, Food Service Director, Individually and as employee of Aramark,
MAURICE WORMACK, Food Service Manager, Individually and as employee of Aramark,
JANE STADICK, Food Service Dieteticnist [sic], Individually and as employee of Aramark,
COLORADO 18TH JUDICIAL DISTRICT,
ARAPAHOE COUNTY DISTRICT COURT ("ACDC"),
JUDGE JOHN LEOPOLD, Chief Judge, ACDC, Individually and as a Judge,
JUDGE WHITE, ACDC Judge, Individually and as a Judge,
JUDGE CHERRYL POST, ACDC Judge, Individually and as a Judge,
ARAPAHOE COUNTY COURT ("ACC"),
JUDGE CHRISTINA N. CHAUCHE, Individually and as an ACC Judge in Div [sic] 204,
JUDGE CHRISTOPHER C. CROSS, Individually and as an ACC Judge in Div [sic] A-2,
MAGISTRATE EDWARD BURNS, Individually and as an ACC Magistrate in Div [sic] C1,
DENVER COUNTY COURT,
JUDGE BREEZE, Individually and as a Judge at DCC, Ct [sic] Room 186L,
ARAPAHOE DISTRICT ATTORNEY'S OFFICE ("ACDAO"),
CAROL CHAMBERS, Individually and as an ACDA,
CAROL CHAMBERS, Individually and as an Assistant ACDA,
JOHN W. SUTHERS, Individually and as State of Colorado Attorney General,
KATHLEEN L. SPALDING, Individually and as State of Colorado Assistant Attorney General,
FRANK WEDDIG, Arapahoe County Commissioner,
BILL OWENS, Individually and as a Governor of the State of Colorado,
GEORGE W. BUSH, Individually and as a President of The United States of America,
COLORADO MUSLIM SOCIETY ("CMS"),
MASJID ABU-BAKR,
ABDULLA SULEIMAN, aka ABU NAJEEB, Individually & as a Member of CMS,
MOHAMMAD ASHOUR, Individually and as a Member of CMS,
AMERA CLEAN,
NUBUILT,
MUNIR LADIN, Individually and as a Board member of CMS Shura,
AMANULLAH MOHAMMEDI, Individually and as a Board member of CMS Shura,
HAITHAM NASR, Individually and as a Board member of CMS Shura,
ANIS JAD, Individually and as a Board member of CMS Shura,
EMAMUDIN GHIAS, Individually and as a Board member of CMS Shura,
DRSHLER NAWAZ, Individually and as a Board member of CMS Shura,
SYED I. ASIF, Individually and as a Board member of CMS Shura,
AMMAR AMENETE, Individually and as an Imam Member of CMS Shura,
AHMAD NABHAU, Individually and as a Former Imam Member of CMS Shura,
MAPLE TREE MORTGAGE, ("MTM"),

LANCE FELDMAN, ("MTM"), an Executive of MTM,
KAMAL IBRAHEEM, ("MTM"), Member of CMS,
GREENWOOD VILLAGE POLICE DEPARTMENT,
JUDGE MARK HENEN, Individually and as ACDC Judge,
JUDGE MARILYNN LEONARD, Individually and as ACDC Judge,
JUDGE PHASING, Individually and as ACDC Judge,
MONWAN J. KHAIREDDIN,
HIYAM KHAIREDDIN,
GARY L. CRANDELL,
ROBERT M. SINGER,
JOSEPH MURR,
JOHN DOE and JANE DOE,
CHRISTOPHER BANMAN,
ATTORNY [sic] RANDY CORPORON,
ATTORNEY WALTER GERASH, and
CHANNEL 4 NEWS - KCNC News,

      Defendants.

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the motion titled "Emergency Motion to Reconsider Dismissal of Case" submitted *pro se* on July 17, 2006, by Plaintiff Mazen J. Kherdeen. Mr. Kherdeen asks the Court to set aside the dismissal order entered on June 27, 2006, and filed on June 28, 2006. The Court must construe the motion liberally because Mr. Kherdeen is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Court's order and judgment filed on June 28, 2006, dismissed the Prisoner Complaint and the action, and entered judgment in favor of Defendants and against Plaintiff. Plaintiff's motion was submitted on July 17, 2005, more than ten days after the final judgment. Therefore, the Court will construe the motion liberally as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant Prisoner Complaint and the action without prejudice for Plaintiff's failure within the time allowed to pay an initial partial filing fee of $14.00 or to show cause as directed why he has no assets and no means by which to pay the designated initial partial filing fee. The Court's reasoning for the dismissal is discussed in detail in the order and judgment filed on June 28, 2006. Mr. Kherdeen

fails to present any extraordinary circumstances that justify relief pursuant to Fed. R. Civ. P. 60(b). Upon consideration of the entire file, the Court finds and concludes that Mr. Kherdeen fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss the complaint. Therefore, the liberally construed motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b) will be denied. Accordingly, it is

ORDERED that the motion titled "Emergency Motion to Reconsider Dismissal of Case" submitted *pro se* on July 17, 2006, by Plaintiff Mazen J. Kherdeen, and which the Court has construed liberally as a motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this 19 day of July, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00515-BNB

Mazen J. Kherdeen
Prisoner No. 0601380
Arapahoe County Det.
P.O. Box 4918
Centennial, CO 80155

Mazen J. Kherdeen
P.O. Box 24930
Denver, CO 80224

Mazen J. Kherdeen
1600 W. 24th St.
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/20/06

GREGORY C. LANGHAM, CLERK

By: /s/ Andrea
        Deputy Clerk